# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

May 24, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JENNIFER A. PAESANI,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0550** (BOR Appeal No. 2049970)
                     (Claim No. 2013023731)

**WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jennifer A. Paesani, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Department of Health and Human Resources, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 6, 2015, in which the Board reversed, in part, and affirmed, in part, an October 29, 2014, Order of the Workers' Compensation Office of Judges. The Board of Review reversed the finding that an L4-5 annular tear was a compensable condition and affirmed the remainder of the Order. In its Order, the Office of Judges affirmed the claims administrator's April 16, 2013, decision to deny a request for a neuro psychological evaluation. It also modified the June 27, 2013, decision and added aggravation of a pre-existing anxiety and panic disorder as compensable conditions but found degenerative lumbar/sacral disc disease is not compensable. The Office of Judges affirmed the August 13, 2013, decision that denied a request for a bone scan. Finally, the Office of Judges reversed the April 14, 2014, decision to deny a request to add L4-5 annual tear as a compensable condition in the claim.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] The only issue before this Court is whether the L4-5 annular tear is a compensable condition of the claim.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Paesani, a child protective services agent for the West Virginia Department of Health and Human Resources, was involved in a vehicle accident on March 2, 2013, in the course of and as a result of her employment. The accident injured her back and has been alleged to have caused some psychological issues. The West Virginia Department of Health and Human Resources introduced records which showed that Ms. Paesani suffered an injury at gymnastics on September 10, 1999, that left her with complaints of pain in her lower back and left leg, as well as numbness in her foot. A September 18, 2004, radiology report showed sacralization in all six lumbar spine segments. On September 28, 2004, Ms. Paesani was seen by Peter Perzanowski, D.C., with an onset of symptoms that occurred on September 12, 2004, when a client pushed her in the lower back. She also reported numbness. A March 30, 2006, diagnostic scan revealed a small fracture through the inferior facet at L2 on the left. An April 27, 2006, MRI of lumbar spine showed a central disc bulge or disc protrusion at L5-S1 without a herniated disc.

On March 7, 2006, Ms. Paesani was involved in motor vehicle accident, which injured her lower back. A July 18, 2006, CT scan of the lumbar spine showed no evidence of lumbar spine fracture. There was a broad based central disc protrusion at L4-L5 resulting in mild spinal canal narrowing. On January 8, 2007, and October 9, 2007, she was seen at Ohio Valley Medical Center for psychological treatment as well as lower back treatment.

From March 18, 2013, through August 12, 2013, Ms. Paesani was seen at MedExpress in Wheeling on multiple occasions. Most of the follow-ups were for back pain and psychiatric issues. She had already undergone twelve chiropractic sessions, which relieved the left leg pain. An April 8, 2013, MRI from Wheeling Hospital radiology showed transitional lumbosacral anatomy, degenerative disc disease with disc bulge, an annular tear, and a small central protrusion at L4-5. There was no stenosis or foraminal narrowing.

Ms. Paesani participated in physical therapy from April 9, 2013, through May 10, 2013, with positive results. Records from Ravi Kant, M.D., from April 15, 2013, through May 1, 2013, indicated she was treated for mood and pain issues. Dr. Kant's assessment was posttraumatic stress disorder due to the compensable accident, bipolar disorder with a single manic episode, and lumbago. A May 7, 2013, x-ray did not reveal any acute process. On June 14, 2013, Joyce Hibb, CRNP, submitted a request to add the diagnoses of back strain, lumbar degenerative lumbar/sacral disc, pain disorder, and anxiety. In an independent medical evaluation report dated June 21, 2013, Thomas Kramer, M.D., opined that the lumbar strain was related to the March 2, 2012, work injury. Dr. Kramer further found that she had fully recovered and needed no surgical intervention.

From the patient notes of Dr. Douglas Macpherson dated November 6, 2013, through July 15, 2014, Ms. Paesani continued to have lower back and left leg pain. As a result, a neurological consultation and pain management were recommended. A January 15, 2014, CT scan of the lumbosacral spine showed mild disc height loss at L4-5 and L5-S1. There were partial sacralizations of the L5 vertebral body. At L4-5 there was a grade-5 annular, tear which

contributed to a mild degree of spinal stenosis; however, there was no definite foraminal stenosis. Based upon the scan, Dr. Macpherson listed the diagnoses as lumbar disc displacement, secondary radicular neuralgia, and a lumbar sprain/strain.

On January 29, 2014, Ms. Paesani was seen by Peter Gerszten, M.D., who noted her symptoms were progressively radiating down the left posterior leg and up the knee with foot paresthesia. Dr. Gerszten noted that she has tried multiple conservative measures, and in fact, had begun her second round of physical therapy. Chiropractic treatment provided minimal relief. Upon review of the discogram, Dr. Gerszten felt Ms. Paesani should undergo a L4-L5 discectomy and fusion in the future and made a request for the same. Stuart Burstein, M.D., performed a psychiatric independent medical evaluation on April 7, 2014, in which he found no indication that Ms. Paesani was suffering from a psychiatric condition causally related to the injury in this claim. He noted that she had a pre-existing psychiatric condition, bipolar disorder, and stated that it would not exclude the addition of anxiety and pain disorder to the claim if those were present.

On May 19, 2014, Ms. Paesani testified in a deposition that she was involved in an accident in 2006 in which she injured her back; however, the pain was completely resolved after her pregnancy in 2007. She testified that she had been diagnosed with bipolar disorder, and since her 2013 accident, she was having panic attacks. She reported that her psychological conditions have worsened. A report dated July 14, 2014, indicated Christopher Martin, M.D., performed an independent medical evaluation. He recognized that Ms. Paesani has a life-long, significant psychiatric history as well as back issues. He believed that structural changes seen on the imaging were not new and predated the compensable injury. He did not feel degenerative lumbosacral disc disease should be considered a compensable condition in this case. He stated that there was no medical indication to perform a bone scan. There was also no clinical indication for an L4-L5 discectomy and fusion in this case. Given her psychiatric comorbidities, she would have a poor prognosis should she proceed to have this surgery.

The Office of Judges found in its October 29, 2014, Order that the psychiatric diagnoses occurred in the course of and as a result of the compensable injury. The Office of Judges recognized that Ms. Paesani suffered from psychiatric issues before the compensable injury. However, the Office of Judges found that this injury caused an exacerbation of her pre-existing anxiety and panic attacks for which she received treatment. The Office of Judges found that the request for a neuropsychological evaluation was not supported by the record because no evidence shows she suffered a head injury or brain trauma as a result of the compensable injury. No such condition has ever been found compensable, and she has not received treatment for that type of condition. It is also noted that there has not been any evidence in the record that Ms. Paesani suffered a bony injury to the lumbar spine as a result of the subject compensable injury. There was a possible prior fracture in the lumbar spine, but there is no credible evidence that she suffered a fracture due to the subject compensable injury. The Office of Judges therefore denied the requested bone scan.

The Office of Judges found that the annular tear at L4-5 was received in the course of and as a result of Ms. Paesani's employment. The Office of Judges noted that prior to the injury; she

had significant low back treatment and had been diagnosed with degenerative disc disease, disc bulge, transitional lumbosacral anatomy, and an L4-5 protrusion. However, an L4-5 annular tear was diagnosed after the subject compensable injury and was never noted in any of the numerous prior diagnostic studies of the lumbar spine prior to the injury. The Board of Review adopted the findings of the Office of Judges and concluded that the Office of Judges was clearly wrong in light of the evidence. The Board of Review relied upon Dr. Martin's report, which found that the annular teat at L4-5 was caused by Ms. Paesani's pre-existing degenerative disc disease.

After review, we agree with the findings and conclusions of the Board of Review. The only issue on appeal is the compensability of the L4-5 annular tear. The Board of Review concluded that the tear was not compensable because it was degenerative in nature. Dr. Martin opined that her annular tear was not related to the compensable injury, and his was the only medical opinion rendered on the issue. It was proper for the Board of Review to reverse the Office of Judges and rely on his opinion because of the absence of medical evidence supporting the Office of Judges' conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Margaret L. Workman